The Honorable John C. Coughenour

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> NORTHWEST PHYSICIANS LABORATORIES, LLC, <br><br> Defendant. | NO. CR 19-228JCC <br><br> **PLEA AGREEMENT** |

The United States of America, by and through Tessa M. Gorman, Attorney for the United States for the Western District of Washington, Acting Under Authority Conferred by 28 U.S.C. § 515, and Brian Werner and Michael Dion, Assistant United States Attorneys, Defendant NORTHWEST PHYSICIANS LABORATORIES, LLC, and its attorney, S. Amanda Marshall, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

1. **The Charge.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charge contained in the Indictment:

*United States v. Northwest Physicians Laboratories, LLC*, CR 19-228JCC
Plea Agreement- 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a. Conspiracy to Solicit and Receive Kickbacks Involving Federal Health Care Programs, as charged in Count 1, in violation of Title 18, United States Code, Section 371, and Title 42, United States Code, Section 1320a-7b(b)(1)(B).

By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering its guilty plea, Defendant and/or its duly authorized representative will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. **Elements of the Offense**. The elements of the offense to which Defendant is pleading guilty are as follows:

a. The elements of Conspiracy to Solicit and Receive Kickbacks Involving Federal Health Care Programs, as charged in Count 1, are as follows:

i. First, there was an agreement between two or more persons to commit the crime of Solicitation and Receipt of Kickbacks Involving Federal Health Care Programs,

ii. Second, Defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it, and

iii. Third, at least one member of the conspiracy performed an overt act for the purpose of carrying out the conspiracy.

b. The elements of Solicitation and Receipt of Kickbacks Involving Federal Health Care Programs, in violation of Title 42, United States Code, Section 1320a-7b(b)(1)(B) are as follows:

*United States v. Northwest Physicians Laboratories, LLC*, CR 19-228JCC
Plea Agreement- 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

        i.      First, Defendant knowingly and willfully solicited or received a payment;

        ii.      Second, such payment was solicited or received primarily in order to induce the ordering, or arranging for the ordering of, any service;

        iii.      Third, the services ordered or arranged to be ordered were covered in whole or in part under Medicare or TRICARE; and

        iv.      Fourth, Medicare or TRICARE was a federal health care program.

Defendant acknowledges that under established principles of corporate liability and respondeat superior, as these principles apply in the instant case, corporate defendants are liable for the actions of their employees, agents, and servants under circumstances where the employees, agents, and servants are acting within the scope of their agency and their actions are intended, at least in part, to benefit the corporate defendant. *See, e.g. United States v. Beusch*, 596 F.2d 871 (9th Cir. 1979); *United States v. Powder Puff Co.*, 163 F.2d 1008 (7th Cir. 1947); and *New York Central and Hudson River R.R. v. United States*, 212 U.S. 481, 495 (1909).

3.    **The Penalties**. Defendant understands that the statutory penalties applicable to the offense to which Defendant is pleading guilty are as follows:

    a.    For the offense of Conspiracy to Solicit and Receive Kickbacks Involving Federal Health Care Programs, as charged in Count 1: a fine of up to $500,000, or twice the gross gain or loss resulting from the unlawful conduct pursuant to Title 18, United States Code, Section 3571(d); a period of probation of up to five (5) years; and a mandatory special assessment of $400. Defendant agrees that the special assessment shall be paid at or before the time of sentencing.

Defendant understands that as a part of any sentence, in addition to any fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

*United States v. Northwest Physicians Laboratories, LLC*, CR 19-228JCC
Plea Agreement- 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

4. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

   a. The right to plead not guilty and to persist in a plea of not guilty;
   b. The right to a speedy and public trial before a jury of its peers;
   c. The right to the effective assistance of counsel at trial;
   d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;
   e. The right to confront and cross-examine witnesses against Defendant at trial;
   f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;
   g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and
   h. The right to appeal a finding of guilt or any pretrial rulings.

5. **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

6. **Corporate Authorization.** The Defendant agrees that this Plea Agreement will be executed by a person authorized by law and by Northwest Physicians Laboratories, LLC, to enter into this agreement and to plead guilty on behalf of the Defendant. The authorized person shall be a corporate officer with sufficient authority to bind the corporation in all matters. On or before the date of entry and filing of this

*United States v. Northwest Physicians Laboratories, LLC*, CR 19-228JCC
Plea Agreement- 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Agreement, Defendant shall provide the U.S. Attorney's Office and the Court with an original written statement evidencing the fact that Defendant corporation is authorized to enter into and comply with all the provisions of this Plea Agreement; that a representative of Defendant has been authorized to enter a guilty plea and attend the sentencing hearing on behalf of Defendant; and that Defendant and its authorized representative have observed all required corporate formalities for such authorizations. The authorization shall also specifically state that the identified individual has the authority to bind assignees, parent corporations, subsidiaries, affiliates, successors-in-interest, and transferees of the Defendant.

7. **Statement of Facts**. The parties agree on the following facts. Defendant admits it is guilty of the charged offense:

   a. **Company Background.** Defendant Northwest Physicians Laboratories LLC ("NWPL") is a toxicology laboratory located in Bellevue, Washington. NWPL was founded in 2012. NWPL was partially owned by physicians who purchased between one and eleven shares of the NWPL business. Many of these physician-shareholders directed their patients to submit urine specimens to NWPL for toxicology testing.

   b. Urine toxicology testing is often ordered for patients that are being seen by a physician for pain management and prescribed opioids or similar medications. These patients may be directed to submit urine specimens for toxicology testing in order to monitor the levels of pain medication or other narcotics in their bodies. These urine specimens are usually sent to an outside laboratory that runs a particular panel of tests based on the physicians' orders. Testing laboratories typically bill the patients' commercial insurance, or bill a Federal health care program, or the patient himself or herself, for performing urine toxicology testing. Urine toxicology testing is a covered service under the Federal health care programs Medicare and TRICARE, as well as most private commercial insurance, so long as the testing is reasonable and medically necessary.

   c. NWPL received urine specimens for toxicology testing from its physician-shareholders. Federal law restricted the physician-shareholders of NWPL from referring urine specimens from patients with Federal insurance to NWPL for testing. Accordingly, NWPL did not test urine specimens from patients with Federal insurance like Medicare or TRICARE.

*United States v. Northwest Physicians Laboratories, LLC*, CR 19-228JCC
Plea Agreement- 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

      d.    **Company Employees.** Jae Y. Lee was the CEO and part owner of Defendant NWPL and one of the founders of NWPL. Lee negotiated contracts with other laboratories as described below. Rick Reid was also a part-owner, a founder, and served as Sales Lead of NWPL. Reid recruited physicians to join NWPL and managed many physician relationships on behalf of NWPL. Kevin Puls was the Executive Director of NWPL. Puls supervised the NWPL sales force and assisted Lee in the negotiation of contracts. At all relevant times, Lee, Reid, and Puls were authorized agents of NWPL.

      e.    **Conspiracy to Solicit Kickbacks.** Despite the fact that NWPL did not test urine specimens from patients with Federal insurance, NWPL employees, including Reid, directed NWPL's physician-shareholders to send such Federally-insured urine specimens to NWPL. Once the urine specimens were sent to NWPL, it was NWPL employees who controlled where these urine specimens would be tested and arranged for these urine specimens to be tested at other laboratories, namely Sterling Reference Laboratories ("Sterling") and Molecular Testing Labs ("MTL"). This testing would generate significant revenue for those laboratories (which billed Medicare and TRICARE for the cost of the testing).

      f.    NWPL and Sterling entered into four "Administrative Service Agreements" ("ASAs") between the time period of January 2013 and February 2015. Lee signed all four agreements on behalf of NWPL. As written, the ASAs required Sterling to make monthly payments to NWPL in return for marketing and other services. The amount of the monthly payments varied from $34,579 to more than $260,000 a month. The ASAs stated that the amount of the payment was determined by the value of the services provided by NWPL. The primary service that NWPL was supposed to provide in return for these payments was to employ sales representatives to market Sterling to physicians and encourage physicians to use Sterling to test their samples. For example, the ASAs specifically provided that multiple NWPL salespeople would market Sterling to physicians.

      g.    In truth, the payments by Sterling to NWPL were not based on services provided by NWPL, but rather on the volume of Federally-insured samples that NWPL provided to Sterling for testing. Prior to the execution of the first ASA with Sterling – when NWPL was providing Sterling with Federally-insured samples in return for no compensation – Reid stated that NWPL was leaving money on the table by not receiving payment for the samples. Despite the signed agreements, NWPL employees did not provide the marketing services to Sterling that it had committed to provide under the ASAs. Not a single salesperson FTE[1] was ever dedicated to marketing Sterling.

---

[1] "FTE," or "Full-time Equivalent," represents the hours worked by one employee on a full-time basis. The concept may also be used to convert the hours worked by several part-time employees into the hours worked by full-time employees.

*United States v. Northwest Physicians Laboratories, LLC*, CR 19-228JCC
Plea Agreement- 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

NWPL's salesforce was never told to market Sterling, and did not in fact market Sterling. NWPL actually attempted to conceal Sterling's identity from physicians: a set of Guidelines issued by NWPL in 2013 (signed by Lee and Reid) included instructions to not mention Sterling to NWPL's physician-owners, but rather to refer to Sterling only as a "local lab."

      h.     In total, from January 2013 to August 2015, Defendant NWPL (by and through its officers and employees) solicited and received over $3.4 in kickback payments from Sterling, in exchange for providing Sterling with more than 19,000 Federally-insured urine specimens for testing. Sterling submitted claims for payment for this testing to Federal health care programs including Medicare and TRICARE and Sterling received more than $7.6 million for these submissions.

      i.     On behalf of Defendant NWPL, Lee also arranged for NWPL to enter into a kickback agreement disguised as an ASA with MTL. In September 2014, NWPL and MTL entered into an ASA, similar to the Sterling ASAs: MTL agreed to pay $99,959 a month to NWPL in return for services, primarily marketing. NWPL did not provide the marketing services to MTL, and there was never any intention for MTL to provide the marketing services. Rather, the payment amount was based on an agreement between Lee and Steven Verschoor that NWPL employees would provide 1000 Federally-insured samples to MTL per month.

      j.     However, NWPL employees only provided MTL with 500 samples per month, and accordingly Lee agreed that – in disregard of the purported terms of the ASA – MTL only paid NWPL $50,000 per month. Eventually, in April 2015, Lee and Puls prepared a new version of the NWPL-MTL ASA, back-dated to October 1, 2014. This new version attached a new list of services that were allegedly provided by NWPL to MTL. The new version changed the monthly service fee to $50,000, which matched the actual payments made by MTL. As Lee and Puls knew and intended, the revision of the ASA concealed the fact that payments were based on volume of federally-insured samples, rather than services provided by NWPL.

      k.     In total, from October 2014 to July 2015, NWPL (by and through its officers and employees) solicited and received $450,000 in kickback payments from MTL, in exchange for providing MTL with more than 1,000 Federally-insured urine specimens for testing. Specifically, on February 6, 2015, NWPL received a $50,000 payment from MTL. In total, during this time period, MTL submitted claims for payment for this testing and MTL received $461,752.10 for these submissions.

      l.     With respect to the conduct described above, Defendant NWPL, through its officers and employees, knowingly and willfully solicited and received payments from Sterling and MTL in return for arranging for Federally-insured samples to

*United States v. Northwest Physicians Laboratories, LLC*, CR 19-228JCC
Plea Agreement- 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

be provided to Sterling and MTL. Its officers and employees, including CEO Jae Y. Lee, knew that these actions were unlawful, as he was aware that it was illegal for NWPL to provide Sterling and MTL with Federally-insured samples in return for kickbacks, and he was aware that the ASAs were disguised kickback arrangements. Lee agreed with others to accomplish the common goal of soliciting and receiving kickbacks for the Federally-insured samples.

    m. The conduct described above took place in the Western District of Washington.

    8. **United States Sentencing Guidelines.** Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

    a. The Court will determine Defendant's applicable Sentencing Guidelines range at the time of sentencing;

    b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

    c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines

*United States v. Northwest Physicians Laboratories, LLC*, CR 19-228JCC
Plea Agreement- 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

        d.     Defendant may not withdraw its guilty plea solely because of the sentence imposed by the Court.

9.    **Restitution.**

        a.     **Restitution – Sterling.** For claims submitted by Sterling, Defendant shall make restitution to Medicare in the amount of $7,172,869, and to TRICARE in the amount of $479,796.34, with credit for any amounts already paid. The parties agree that Defendant's $7,652,665.34 restitution obligation shall be reduced by any amounts that Cordant Health Solutions f/k/a Sterling Healthcare Services ("Sterling") pays pursuant to the Settlement Agreement with an effective date of July 17, 2020, between Sterling and the United States. The parties also agree that Defendant's $7,652,665.34 restitution obligation is joint and several with other restitution obligations imposed in this proceeding.

        b.     **Restitution – MTL.** For claims submitted by MTL, Defendant shall make restitution to Medicare in the amount $420,272.84, and to TRICARE in the amount of $41,479.26, with credit for any amounts already paid. The parties agree that Defendant's $461,752.10 restitution obligation shall be reduced by any amounts that Blackfly Investments, LLC, dba Molecular Testing Labs ("MTL") pays pursuant to the Settlement Agreement with an effective date of December 10, 2018, between MTL and the United States. The parties also agree that Defendant's $461,752.10 restitution obligation is joint and several with the restitution obligation in *United States v. Steven Verschoor*, CR 19-208JLR, as well as with other restitution obligations imposed in this proceeding.

*United States v. Northwest Physicians Laboratories, LLC*, CR 19-228JCC
Plea Agreement- 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

  c. The total amount of restitution due from Defendant is $8,114,417.44 as follows: the total amount due to Medicare is $7,593,141.84 and the total amount due to TRICARE is $521,275.60.

  d. The full amount of restitution shall be due and payable immediately on entry of judgment and shall be paid as quickly as possible. If the Court finds that the Defendant is unable to make immediate restitution in full and sets a payment schedule as contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the Defendant's full and immediately-enforceable financial obligation, including, but not limited to, by pursuing assets that come to light only after the District Court finds that the defendant is unable to make immediate restitution.

  e. Defendant agrees to disclose, upon request by the Government, all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to cooperate fully with the United States' investigation identifying all property in which Defendant has an interest and with the United States' lawful efforts to enforce prompt payment of the financial obligations to be imposed in connection with this prosecution. Defendant's cooperation obligations are: (1) upon request by the Government, before sentencing, and no more than 30 days after executing this Plea Agreement, truthfully and completely executing a Financial Disclosure Statement provided by the United States Attorney's Office and signed under penalty of perjury regarding Defendant's and Defendant's spouse's financial circumstances and producing supporting documentation, including tax returns, as requested; (2) providing updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances; (3) authorizing the

*United States v. Northwest Physicians Laboratories, LLC*, CR 19-228JCC
Plea Agreement- 10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

United States Attorney's Office to obtain Defendant's credit report before sentencing; (4) providing waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information; (5) authorizing the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office; (6) submitting to an interview regarding Defendant's Financial Statement and supporting documents before sentencing (if requested by the United States Attorney's Office), and fully and truthfully answering questions during such interview; and (7) notifying the United States Attorney's Office before transferring any interest in property owned directly or indirectly by Defendant, including any interest held or owned in any other name, including all forms of business entities and trusts.

   f. The parties acknowledge that voluntary payment of restitution prior to the adjudication of guilt is a factor the Court considers in determining whether Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a).

   g. If Defendant makes any payment of the restitution amount either in connection with any civil case arising from the same conduct described in Paragraph 6, or in this criminal case prior to sentencing, the payment will be applied as a credit against the restitution amount ordered.

  10. **Other Agreements.**

   a. **Agreement Regarding Bankruptcy and/or Other Dissolution.** NWPL is no longer an active business. NWPL agrees that, within six months of the date of sentencing in this matter, it will dissolve, either by filing for liquidation bankruptcy, or by otherwise dissolving its corporate operations.

   b. **Recommendation as to Compliance Program.** In light of Defendant's agreement to pay full restitution in this matter, and in light of its agreement to dissolve, the parties agree that a term of probation and a compliance program are not

*United States v. Northwest Physicians Laboratories, LLC*, CR 19-228JCC
Plea Agreement- 11

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

appropriate in this case. Defendant agrees that, in the event that Defendant does not file for bankruptcy or otherwise dissolve, it will agree to a corporate compliance program as suggested by the United States Attorney's Office and as imposed by the Court. Defendant further agrees that this obligation shall continue even after the sentencing in this case, and that the United States shall be entitled to enforce this commitment outside this criminal proceeding.

11. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation, and moves to dismiss the remaining counts in the Indictment at the time of sentencing. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

This Agreement does not close or preclude the investigation or prosecution of any natural persons, including any employees, officers, directors, employees, agents or consultants of the Defendant for any conduct whatsoever, including the conduct for which Defendant is pleading guilty.

12. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that if Defendant is in breach of this Plea Agreement,

*United States v. Northwest Physicians Laboratories, LLC*, CR 19-228JCC
Plea Agreement- 12

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant has waived any objection to the re-institution of any charges in the Indictment that were previously dismissed or any additional charges that had not been prosecuted.

13. **Rule 410 Waiver.** The Defendant agrees that by signing this agreement it is admitting to the facts in the Statement of Facts portion of this agreement. The Defendant further agrees that if it withdraws its guilty plea prior to sentencing, or at any time after the Court accepts the plea agreement and sentences it consistent with its terms, the Defendant agrees the facts that it admits in the Statement of Facts portion of this agreement shall be admitted as stipulations in any trial or sentencing that may follow in this case, as well as in any other legal proceeding involving Defendant. The foregoing provision acts as a modification, and express waiver, of Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11.

14. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea required by this plea agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that Defendant waives to the full extent of the law:

   a. Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

   b. Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

*United States v. Northwest Physicians Laboratories, LLC*, CR 19-228JCC
Plea Agreement- 13

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

15. **Voluntariness of Plea**. Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter this plea of guilty.

16. **Statute of Limitations**. In the event this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

17. **Completeness of Agreement**. The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

//
//

*United States v. Northwest Physicians Laboratories, LLC*, CR 19-228JCC
Plea Agreement- 14

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## DEFENDANT'S ACCEPTANCE OF TERMS.

1. I, the authorized representative for Northwest Physicians Laboratories, LLC ("NWPL"), the Defendant, affirm this document contains all of the agreements made between NWPL – with the assistance of counsel – and the United States regarding these pleas. There are no other promises, assurances, or agreements the United States has made or entered into with NWPL that have affected the decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, I and the United States will jointly inform the Court in writing before I enter the guilty pleas on behalf of NWPL.

NWPL understands that no one, including counsel for NWPL, can guarantee the outcome of this case or what sentence the Court may impose if NWPL pleads guilty. If anyone, including NWPL's attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea.

I understand the Court will ask me under an oath to answer questions about the offenses to which NWPL is pleading guilty and NWPL's understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

On behalf of NWPL, I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement on behalf of NWPL or to enter the pleas on behalf of NWPL. I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with NWPL's attorney is privileged and confidential, and cannot be revealed without NWPL's permission. Knowing this, I agree that this document will be filed with the Court.

NWPL is fully satisfied with the representation given NWPL by the attorneys for NWPL and I am prepared to repeat this statement at the time I stand before the Court and enter NWPL's guilty pleas. NWPL's attorneys and I have discussed all possible defenses

*United States v. Northwest Physicians Laboratories, LLC*, CR 19-228JCC
Plea Agreement- 15

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

to the charges to which NWPL is pleading guilty. NWPL's attorney has investigated NWPL's case and followed up on any information and issues NWPL has raised to NWPL's satisfaction. NWPL's attorneys have taken the time to fully explain the legal and factual issues involved in this case to NWPL's satisfaction. The attorneys and NWPL have discussed the statutes applicable to NWPL's offense and sentence as well as the possible effect the U.S.S.G. may have on NWPL's sentence.

Based on NWPL's complete understanding of this plea agreement, NWPL therefore wishes to enter a plea of guilty to Count 1 of the Indictment filed in this case

DATED: 1/12/2021

*[signature]*

NORTHWEST PHYSICIANS LABORATORIES LLC, Defendant
Jae Y. Lee, CEO
Authorized Representative of Defendant

*United States v. Northwest Physicians Laboratories, LLC*, CR 19-228JCC
Plea Agreement- 16

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## STATEMENT OF COUNSEL

As counsel for the Defendant, I have discussed all plea offers and the terms of this plea agreement with the Defendant, have fully explained the charges to which the Defendant is pleading guilty and the necessary elements, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the Defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the Defendant's competency to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the Defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the Court.

DATED: 1/28/2021

S. AMANDA MARSHALL
Attorney for Defendant

On behalf of the United States, the following accept the Defendant's offer to plead guilty under the terms of this plea agreement.

DATED: 2/5/21

BRIAN D. WERNER
Assistant United States Attorney

DATED: 2/5/21

MICHAEL DION
Assistant United States Attorney

*United States v. Northwest Physicians Laboratories, LLC*, CR 19-228JCC
Plea Agreement- 17

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970